**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra Lopez,<br><br>            Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>            Defendant. | No. CV-21-00366-TUC-DCB<br><br>**ORDER** |

This matter was referred to Magistrate Judge D. Thomas Ferraro, pursuant to the Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a).  On August 15, 2022, Magistrate Judge Ferraro issued a Report and Recommendation (R&R). (Doc. 26.) He recommends that the Court reverse the decision of the Commissioner of Social Security and remand the matter for further proceedings. The Court accepts and adopts the Magistrate Judge's R&R as the findings of fact and conclusions of law of this Court.

STANDARD OF REVIEW

The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1).  Where the parties object to a R&R, "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'"

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)).

This Court's ruling is a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (*en banc*). To the extent that no objection has been made, arguments to the contrary have been waived. Fed. R. Civ. P. 72; see 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the R&R), *see also  McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also*, Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the objections filed by the Defendant, the Plaintiff's Response, and the parties' briefs considered by the Magistrate Judge in deciding the merits of the final decision by the Commissioner that Plaintiff was not disabled.

## OBJECTIONS

It is undisputed that the ALJ found the Plaintiff had sever impairments as follows: degenerative disc disease, seizure disorder, migraine headaches, thyroid disorder, neurocognitive disorder, and anxiety disorder. Additionally, the ALJ considered knee pain and swelling, sleep apnea, and obesity. At step three, the ALJ determined Plaintiff had a residual functional capacity (RFC) to perform light work with some exceptions. The Plaintiff could understand, remember, and carry out simple job instructions only with occasional interaction with the public with no ability to work in a fast-paced environment. At step four, the ALJ concluded Plaintiff, who had no past relevant work history, could not

do past relevant work but could perform the work of a room cleaner, laundry worker, and marker. The ALJ concluded Plaintiff was not disabled.

The Magistrate Judge recommends that the Court remand the case for further administrative proceedings because the ALJ failed to discuss aspects of Dr. Rohen's opinion that were more limiting than the RFC. Alternatively, the Magistrate Judge recommends that if this Court finds no such error, then the Court should affirm the denial of benefits. The Magistrate Judge rejected the Plaintiff's argument that the ALJ did not articulate a clear and convincing reason for discounting Lopez's symptom testimony; the ALJ did not disregard Plaintiff's reported cognitive symptoms.

The Defendant submits there is no conflict between Dr. Rohen's opinions and the RFC and argues that the Court should therefore take the alternative path the Magistrate Judge recommends which is to affirm the denial of benefits. The Plaintiff asks the Court to find error in the RFC and argues that the error was not harmless because the Plaintiff understated her symptoms due to her inability to fully comprehend and articulate her impairments. The Plaintiff argues that Dr. Rohen's opinion supports such marked impairments, making the distinction between the doctor's opinion and the RFC dispositive.

The Court agrees with the Magistrate Judge that there were conflicts between Dr. Rohen's opinions regarding Plaintiff's limitations due to her cognitive impairments, which the doctor described in terms equivalent to "marked" limitations and the ALJ's RFC which described moderate limitations. The Court does not reach the Plaintiff's argument over the reliability of the Plaintiff's symptom testimony, except to agree with the Plaintiff that Dr. Rohen's medical opinion arguably supports the conclusion that Plaintiff's symptom testimony was understated. The Court agrees with the Magistrate Judge that the lack of explanations related to these inconsistencies preclude a finding of harmlessness. This is not a case where the evidence can support either "marked" or "moderate" impairment. Here, there is a conflict in the evidence. "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v.*

- 3 -

1
2   *Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747,

3   750 (9th Cir. 1989)). The Court finds remand is necessary for the ALJ to further develop

4   the record to address these issues, including explanations regarding the choices made in

5   developing the RFC.

6       "Here, on September 14, 2020, Noelle Rohen, PhD, performed a psychological

7   evaluation on Lopez. (AR 885.)" (R&R (Doc. 26) at 5.)

8       As reflected in the R&R, Dr. Rohen reported as follows:

9       Lopez was pleasant and cooperative with good eye contact. (887.) She also
        stated Lopez's affect was limited in range. *Id*. Lopez's retrograde memory
10      and insight were limited; She had trouble expressing herself. *Id*. On the
        Folstein Mini Mental Status Examination, Lopez scored a sixteen out of
11      thirty, which indicates considerable impairment. *Id*. Dr. Rohen stated that
        Lopez "had trouble today even with basic instructions, though does appear
12      to be basically literate." (AR 888.) Dr. Rohen believed Lopez's "processing
        speed and general efficiency may be problematic on the job." *Id*. However,
13      Dr. Rohen noted Lopez "should be able to learn simple tasks with patience
        and repetition." *Id.* Moreover, Dr. Rohen stated Lopez would benefit from
14      assistance in managing any benefits she may receive. *Id.* Dr. Rohen noted
        Lopez's understanding and memory were fair with "receptive misses in
15      conversation." (AR 889.) She concluded Lopez's "concentration is likely to
        be a challenge." *Id*. Finally, Dr. Rohen stated Lopez "can learn new tasks and
16      avoid hazards with patience and effort, though it will be tougher for her than
        for peers, and she may be slower and less efficient." *Id*. Dr. Rohen finally
17      concluded Lopez would "do better in a setting in which she can master a task
        or two and complete those repeatedly." *Id*.

18  (R&R (Doc.26) at 5-6.)

19      As noted by the Magistrate Judge, the above limitations more closely approximate

20  "marked limitation" meaning "'functioning in [an] area independently, appropriately,

21  effectively, and on a sustained basis [that] is seriously limited.'" *Id.* at 6 (quoting §

22  12.00(F)(2)(d)).

23      In comparison, and without explanation, the ALJ adopted a RFC, as follows:

24      For understanding, remembering, or applying information, the ALJ noted
        that Lopez "reported she needs no reminders to take her medication and can
25      follow written and spoken instructions." (AR 16.) The ALJ found a moderate
        limitation in this area based on the consultative examination. (AR 16-17.)
26      For interacting with others, the ALJ found a moderate limitation despite
        Lopez reporting that she had no such difficulty. (AR 17.) For concentrating,
27      persisting, or maintaining pace, the ALJ concluded Lopez had a moderate
        limitation. *Id*. The ALJ included that Lopez "alleged she has problems
28      concentrating but that she has no problems paying attention." *Id*. In adapting

- 4 -

1

2

> or managing oneself, the ALJ decided Lopez had a mild limitation. *Id.* The
> ALJ noted Lopez reported shopping and doing chores. *Id.*

(R&R (Doc. 26) at 10.) Noting the results of Plaintiff's examination by Dr. Rohen reflected "considerable impairment and that she had failed to read and follow a three-step instruction, the ALJ concluded "that Lopez's "performance at the consultative examination, taken together with her treatment examinations, show [she] is limited to simple work with the additional mental limitations given above." *Id.* at 11 (citations to the record omitted). The ALJ's RFC reflects moderate limitations, meaning the claimant is capable of functioning "'independently, appropriately, effectively, and on a sustained basis is slightly limited.'" *Id.* at 6 (quoting 20 C.F.R. P. 404, Subpt. P, App. 1, § 12.00(F)(2)(c)).

The Defendant is correct that it is not error, harmful or otherwise, for the ALJ to fail to address every specific assessment by Dr. Rohen. *See* (Obj. (Doc. 27) at 5 (citations omitted). All parties agree that it is the record as a whole, which much be assessed. The error in the ALJ's decision is the failure to explain the inconsistencies between Dr. Rohen's opinion, which the ALJ found persuasive, and the RFC. As explained by the Magistrate Judge this error was not harmless. The ALJ's decision to accept Dr. Rohen's opinion, which included marked limitations, resulted in a conflict in the record when the ALJ downgraded them to be moderate limitations in the RFC. This required an explanation because it was dispositive to the question of disability. While it may be true that the ALJ need not address every specific assessment by Dr. Rohen, it was legal error to not address Dr. Rohen's opinions which strongly suggested a requirement for a sheltered environment or at least an environment with more supervision or assistance. Such working conditions may not qualify as substantial gainful work activities and result in a finding of disability and award of benefits. *Id.* at 7-8 (citing 20 C.F.R. § 416.973(b)). Therefore, the Magistrate Judge correctly found this error was not harmless because it was not "inconsequential to the ultimate nondisability determination." (R&R (Doc. 26) at 4, 8 (quoting *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038

(9th Cir. 2008)). The Court adopts the recommendation by the Magistrate Judge to reverse the ALJ's decision and remand the matter for further administrative proceedings.

The Court agrees with the Plaintiff that this error and its resolution is especially important because Dr. Rohen's opinion arguably supports the possibility that the Plaintiff's impairments may result in her own inability to recognize and/or communicate her symptomology. The ALJ failed to address the ambiguity in the record created by Dr. Rohen's opinion to the extent it conflicted with Plaintiff's symptom testimony, such as her representations that she had no problems paying attention or following simple instructions. "For example, the form asked, "How well do you follow written instructions?  (For example, a recipe)." She answered: "I've never wrote a recipe before." *Id.* at 9. The R&R included ample examples that Plaintiff's symptom testimony arguably underestimated her limitations. Given the ambiguity in the record, the ALJ erred by accepting without explanation the Plaintiff's testimony of moderate limitations without addressing her credibility to present reliable symptom testimony. Remand for further administrative proceedings will address this omission.

CONCLUSION

After *de novo* review of the issues raised in Defendant's objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in the R&R for determining the pending case.  The Court adopts it, and for the reasons stated in the R&R, the Court reverses the decision by the Commissioner of Social Security Administration denying Plaintiff disability benefits.

**Accordingly**,

**IT IS ORDERED** that after a full and independent review of the record, in respect to the objections, the Magistrate Judge's Report and Recommendation (Doc.  26) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that the Decision issued by the Commissioner for the Social Security Administration is REVERSED and REMANDED for further proceedings.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly and close this case.

Dated this 26th day of September, 2022.

Honorable David C. Bury
United States District Judge

- 7 -